**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Consentino Rodriguez BAILON, a/k/a
Nicanor Vasquez, a/k/a Carlos Her-
nandez, a/k/a Pedro Bailon Rodriguez,
a/k/a Constantino Rodriguez, Defen-
dant–Appellant.**

No. 15–4370.

United States Court of Appeals,
Fourth Circuit.

Submitted: March 10, 2016.

Decided: March 14, 2016.

Ross Hall Richardson, Executive Di-
rector, Ann L. Hester, Jared P. Martin,
Federal Defenders of Western North Car-
olina, Inc., Charlotte, North Carolina, for
Appellant. Jill Westmoreland Rose, Unit-
ed States Attorney, Amy E. Ray, Assistant
United States Attorney, Asheville, North
Carolina, for Appellee.

Before SHEDD and AGEE, Circuit
Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished PER
CURIAM opinion.

Unpublished opinions are not binding
precedent in this circuit.

PER CURIAM:

Consentino Rodriguez Bailon appeals
the district court's judgment after he pled
guilty to illegally reentering the United
States after having been deported subse-
quent to an aggravated felony conviction in
violation of 8 U.S.C. § 1326(a), (b)(2)
(2012). The district court sentenced Bail-
on at the bottom of his Guidelines range to
46 months in prison. On appeal, Bailon
contends the district court imposed a pro-
cedurally unreasonable sentence by failing
to adequately address and consider his
arguments for a sentence below his Guide-
lines range. We affirm.

We review the reasonableness of a sen-
tence for abuse of discretion. *United
States v. Lymas*, 781 F.3d 106, 111 (4th
Cir.2015) (citing *Gall v. United States*, 552
U.S. 38, 41, 128 S.Ct. 586, 169 L.Ed.2d 445
(2007)). First, we consider whether the
district court committed a significant pro-
cedural error, such as failing to consider
the 18 U.S.C. § 3553(a) (2012) factors or
failing to adequately explain the chosen
sentence. *Gall*, 552 U.S. at 51, 128 S.Ct.
586. If the sentence is procedurally rea-
sonable, we consider whether it is substan-
tively reasonable, taking into account the
totality of the circumstances. *Id.* On ap-
peal, we presume that a sentence within or
below a properly calculated Guidelines
range is substantively reasonable. *United
States v. Susi*, 674 F.3d 278, 289 (4th Cir.
2012). The presumption can only be re-
butted by showing that the sentence is
unreasonable when measured against the
18 U.S.C. § 3553(a) factors. *United States
v. Louthian*, 756 F.3d 295, 306 (4th Cir.),
*cert. denied*, —— U.S. ——, 135 S.Ct. 421,
190 L.Ed.2d 293 (2014).

In sentencing, the district court must
first correctly calculate the defendant's
sentencing range under the Sentencing
Guidelines. *United States v. Allmending-
er*, 706 F.3d 330, 340 (4th Cir.2013). The
court is next required to give the parties
an opportunity to argue for what they
believe is an appropriate sentence, and the
court must consider those arguments in
light of the factors set forth in 18 U.S.C.
§ 3553(a). *Id.*

When rendering a sentence, the district court must make and place on the record an individualized assessment based on the particular facts of the case. *United States v. Carter,* 564 F.3d 325, 328, 330 (4th Cir. 2009). While the sentencing court must state in open court the particular reasons that support its chosen sentence, the court's explanation need not be exhaustive. *United States v. Avila,* 770 F.3d 1100, 1107–08 (4th Cir.2014) (citations omitted); *see also United States v. Johnson,* 445 F.3d 339, 345 (4th Cir.2006) (court need not explicitly reference § 3553(a) or discuss every factor on the record). The court's explanation must be sufficient "to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States,* 551 U.S. 338, 356, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007).

We have reviewed the record and conclude that Bailon's sentence is procedurally and substantively reasonable. The district court adequately addressed and considered Bailon's arguments for a sentence below his advisory Guidelines range, and the court reasonably determined that a sentence at the bottom of the Guidelines range was appropriate in this case.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED.*